Good morning and welcome to the Fourth Circuit. We have two cases here today. The panel to my right is Judge Rushing. To my left is Judge Highton. We will start with the first case of the day, United States v. Covington. We'll hear from the appellate's attorney. May it please the Court. Good morning, Your Honors. My name is Fernando Groeni and I represent Shronda Covington. May it please the Court. This case presents a sad, terrible set of facts and situation. Everything about this case I submit to you is wrong. Everything about this case is different. Mr. Walters died a terrible death in Suicide Watch after having been placed there on a Saturday evening at 8 o'clock, having fallen 23 times in a period of 12 hours in a concrete room while being videoed and monitored by prison officials. Not one of them was called by the government as a witness. Not one of them was prosecuted. All of them were immunized. All of them continue to work at the BOP. The individual who placed Mr. Walters in Suicide Watch took a picture of him which showed he had no injury. That picture is submitted as Joint Appendix 5647. He saw him fall 10 times and did absolutely nothing. He wasn't prosecuted. The individual, the lieutenant, who then took over at midnight where he fell 13 more times breaking his skull, Mr. Walters, two times which was the cost of death. In the interplay of all of this, your client had a role. Yes, sir. That was played here and that is the basis for which the charges arose in this matter. Ultimately, the jury, it was a jury trial, several charges there, did not convict her for the death, to the extent it was death, but for bodily injury and I understand by now she has completed her active sentence, 12 months, and is now on supervised probation, is that correct? That is correct, Judge. And so, what is it about your case that you believe there was error in the conviction of your client for the bodily injury that was suffered here which ultimately resulted in a death, very, as you pointed out from the beginning, very egregious situation in which there's no question there was some level of attentiveness, but whether it rose to the level to convict your client is your contention. What is your, you have a number of errors, where do you want to start with that, which one? Judge, I appreciate you making me cut to the chase. Well, it kind of helps us. Yes, sir. We are a court of law. Yes, sir. You could give us a nice jury argument all day long, but it's not going to take you anywhere, so go and tell me what it is the law is that exists that requires us to not respect what the trial court did as a jury or as a judge below. Generally, generally, sufficiency of the evidence arguments are like walking to the moon backwards. All right, let me ask you a specific question. Why wouldn't the injuries that occurred, since your client was acquitted of the death and was convicted only of the injuries, why wouldn't the injuries that were suffered at 347 and 8 a.m. suffice to permit a jury to find injury? Because we don't know what those injuries are, number one. And number two, the government in their brief said sudden and severe medical symptoms. You look at the record, those 17, 18 volumes, you don't see it other than argument. Serious medical need and a problem. Nobody called a serious medical need. Nobody, not even nurses who saw them throughout the day. I thought the jury found evidence about him falling and hitting his head. I'm sorry? I thought the jury heard evidence about him, the decedent falling and hitting his head. Why isn't that injury? Because that fall happened at 6.30 at night, six and four, 12 hours, 10 hours after my client left. The only evidence that there is, which is irrefutable evidence and the only written evidence I'd submit to you respectfully, is a report from a nurse 15 minutes after our client left the prison. And that report says, that report, Nurse Woolrich, which we had to call to testify, Nurse Woolrich indicates... But that doesn't matter on sufficiency, right? Well, the problem, Judge, is that is correct. The problem is when the instructions... What is correct? I'm sorry? What is correct? That doesn't matter? Well, it does matter. It does matter to sufficiency. So wait, just so clear, you agree that on sufficiency, it's every single thing the jury heard, not just evidence presented by the government, right? That is correct. For sufficiency, it's every single thing the jury heard. However, it is also important to make sure that the correct law is given to the trier of fact. In this case, the government's argument, and it's cited in the briefs and in the reply briefs, and I can provide citations, is the standard in this court is but for. But for the fact that he was acting erratic at three o'clock in the morning, he wouldn't have died. It should not be the standard in a civil rights case. Okay, so now we're on your proximate cause argument? We're in the proximate... Okay, so let me ask you this. This court has squarely held that there is not a proximate cause requirement under 841. Do you know of any court that has said there is not a proximate cause requirement under 841, but there is a proximate cause requirement under 242? Judge, I think we have cited those cases and they're out of circuit. We have cited those cases... No, you cited a couple of cases that say there is a proximate cause requirement under 242. What I'm asking is a more specific question. Do you know of any court that... Because this court has said there is not under 841. That is correct. So then I'm asking you, and we are bound by that, so do you know of any court that has said there is not a proximate cause requirement under 841 that has also said there is a proximate cause requirement under 242? I don't, but an 841 violation... Are you familiar with 241? So this case was under 242. That is correct. 241 is the conspiracy provision. That is correct. And it also includes if a death results. That is correct. And our court held in United States versus Harris that that requires proximate cause. Did you know that? United States versus Harris, 1983 was the year. We held that that requires proximate cause and we relied on cases, including one from the Fifth Circuit that says that 242 requires proximate cause. It makes sense because most of the... It's cited in cases that the government cites, so I assume they're aware of it, but maybe I can talk with your friend on the other side about it when she says that. Your Honor, it makes sense because most of the cases that this court has decided on the civil realm, particularly not on their 841 where it's an act of omission, particularly a dangerous one like selling drugs. I sell you drugs, but I sell you heroin and you died of cocaine and heroin intoxication. I'm not responsible because but for the heroin, it wouldn't have killed you. It makes no sense. In this case, in this criminal case, there should be a stricter standard than what this court has held for negligence cases in the civil realm for violations of... When you say they should be, then what we have held, are you saying we should hold something differently now? What I'm saying respectfully is that this court should actually hold the government to a higher standard of proof for proximate causation in a violation of civil rights, which is the act. In this case, it was an act of omission. Would we be the first to do that? It... Other circuits have actually held that. And our brief says the First Circuit, I believe the Fifth Circuit and the Sixth Circuit have also held that. And the cases are cited in our brief. Can I ask you about the... On this question, the knowledge of the risk jury instruction, it instructed the jury that your client must have recognized that her actions were insufficient to mitigate the risk of harm to the inmate. Does that not cover foreseeability, even if the jury wasn't instructed on proximate cause? Is the fact that they had to find that your client was aware of the risk of harm and knew that her actions would not mitigate the risk of harm, does that cover the foreseeability part of proximate cause anyway? I believe it doesn't, Your Honor. Why is that? Because proximate cause is but for intervening effects or intervening causes or facts that other people were responsible for. In any event, there was no... The jury found otherwise, but there was... Sufficiently, there was no injury. First of all, we don't even know what injury she was convicted of causing because the jury was never identified and the government never identified. The argument here was he was acting erratic at three in the morning, he died 25 hours later, therefore, somebody needs to be blamed and it's her. But there is... The government wanted the jury to believe and the instructions allow that. To believe that my client worked a 32-hour shift continuously and that she was the only person working at the jail that day. The only person who knew and the only person who could have done something and that is completely incorrect. By making a proximate cause and a hindsight and a willfulness instruction by giving those instructions, which were submitted and they have been briefed and the argument has been provided to the court, by actually giving those instructions would have focused and centered the prior fact the jury. We're going to hear the other side speak on this and there's a lot more that happened in this case than what you were presenting to us and I agree it was as you posited it, you know, would lead down that path. But let's say we agree with you on proximate cause. Wasn't it harmless error? No, your honor. Why would it not be? Because first of all, because the evidence showed that there was no injury. So but for that instruction, I'm not, I don't mean the pun of words, but for, but for that instruction, the jury would not have found my client guilty. The government is saying somebody died, she knew something about the man, forget about the 32 hours that happened in between. So if the record shows that there was an injury and that the jury had that information, such as testimony from the nurse or from Moody or anybody others there, there were certain things that occurred that produced injuries during Covenant's shift. Does your argument change? Your honor, with all due respect, the only unrefuted evidence is that 8-15, 15 minutes after my client left, there was no injury. And I respect that and as we, what I'm saying to you, we will have an opportunity to examine the record and what you're saying here, you do know, we will check it out. But let's hear from your co-counsel here, I believe is Representative Pollack. Thank you Judge Wendt, appreciate it. You'll be back. Yes sir, thank you. Yes. Good morning. Good morning. May it please the court, my name is Rob Wagner, I represent Ms. Farley in this case. I do want to point out that Ms. Farley is here in the courtroom and asks that this court provide a just result in this case. Ms. Farley presents two issues before this court. Two issues that we asked to address here of the several issues that were presented in the briefs. Both of those issues provide matters of first impression for this court. This case involved three charges against Ms. Farley, a charge under 18 U.S.C. 242, a civil rights violation, an obstruction of justice charge, and a false statement charge. Ms. Farley was found guilty only of the false statement charge. Yet, at sentencing, she was enhanced on the basis of the acquitted conduct. That's the first issue. What is your definition of acquitted conduct? I'm sorry Judge. What is your definition of acquitted conduct? Acquitted conduct, under the guidelines under 1B1.3, is conduct that the jury rejected. That the jury found the defendant not guilty on. I believe that's the common understanding of acquitted conduct, Judge. It doesn't include, based on the case law, acquitted conduct from a state proceeding or a case or account that was not brought against the defendant. But clearly, this, and I don't think there was any question from the district court below, that this qualified as acquitted conduct. So can I ask you a related question, which is, how would you describe the instant offense of conviction? Because I'll just, I will say that I have this flavor of the government's argument, and sort of what the district court said, is to think about that the offense includes the offenses she was acquitted of. But my, I guess my instinct is that the offense of conviction is the offense she was convicted of, and the offense she was convicted of was lying. But how would you, how would you, like in order to decide what the offense of conviction is, we need to know precisely what would you say is the offense of conviction here? The charge was 18 U.S.C. 1001, false statement. That was the only count that the jury found Ms. Farley guilty of. So that becomes the- So then another, under this guideline, it's your view that it would need to be necessary that this other stuff the district court considered establishes the 1001 violation. Is that- That's exactly right. That's exactly what the amendment, Amendment 826 said. Yes, Your Honor. And under that definition, and I don't believe the district court properly applied that definition. It said, established the district court's findings was that the acquitted conduct established the basis for the count of conviction, but didn't establish the count of conviction as is provided specifically in the amendment, in the guideline that we're looking at here. Can I ask you about what was acquitted though, to get back to Judge Wynn's question? Sure. Was your client acquitted of causing any harm to the decedent, right? The jury found- Absolutely. The jury found she wasn't deliberately indifferent, but does that preclude the district court from finding on a different standard that she harmed him in some way, even without being deliberately indifferent? Judge, the jury said not guilty to causing death, not guilty to the willful, deliberate indifference to the serious medical needs of Mr. Walters. Once the jury rejected that, our position is that the court on sentencing cannot consider that unless it establishes in whole or in part the count of conviction. We're talking about two sets of charges that happened at a different time. Right. It's a question about how broad acquitted conduct, how broad that umbrella is. Is it facts that the jury necessarily must have rejected, right? And only those facts that can't be included, or is the concept instead anything having to do with that crime that the defendant was acquitted of? You know, I'd imagine in a drug case, this would be easier, right? It's specific. A certain drug amount, the jury rejected that drug amount, and so the court can't use it. But when state of mind is really what the jury's finding, no one just really disputes the facts of what happened here. They dispute the state of mind and who caused, who's responsible for what. So Judge, this amendment came on the heels of a comment by Justice Sotomayor in the McClinton case. And that comment addressed what happened, which was somewhat similar to what we had here. It was a case involving a robbery and a murder. And in that robbery and murder, the jury rejected the murder count. And the defendant, Mr. McClinton, was coming to a sentencing hearing on guidelines of five to six years. But the judge in that case considered the acquitted conduct, considered the murder, and sentenced Mr. McClinton to 19 years. I would suggest that is exactly the type of situation we have here. We have a murder charge. We have a charge that is a capital offense. The district court didn't hold your client responsible for the death, but did conclude there was a victim. And that's what I'm trying to get at, is these enhancements that require there to be a victim suggest that he was harmed by her conduct somehow. And I would suggest that on a false statement charge, to draw a victim into that realm, into the realm of a false statement charge. But it doesn't have to be the victim of the sense is all relevant conduct, right? Which then brings us back to the what's the acquitted conduct question. It's very tricky. But the amendment specifically says that acquitted conduct is not relevant conduct. And it can't be relevant conduct under these circumstances because of the differences between these offenses, that the temporal difference, the substantive difference, the consequences of each of those. Can I ask you to address something that strikes me? Well, this is just a purely factual question. Is your argument, A, this is not relevant conduct absent the acquitted conduct carve-out? B, this is carved out by the acquitted conduct carve-out? Or C, both of those things? Are you arguing this isn't relevant conduct? Or are you conceding this would be relevant conduct and is taken out by the acquitted conduct guideline? Well, our brief at page 30 says specifically that the definition of relevant conduct under 1B.1.3 reflects that the conduct did not occur during the commission of the offense of conviction, in preparation of that offense, or in the course of attempting to avoid detection or responsibility for that offense. So we're absolutely, we argue this to the district court, that this wasn't relevant conduct. And we're arguing it to this court, that it was not relevant conduct. That's the first part of it. But if it is, then it doesn't qualify under the amendment as having established in whole or in part the count of conviction. And courts have looked at what does it mean? What does established mean in this context? And what the Second Circuit has found in an analogous situation under 2B.1.1, that established means setting forth the elements of the offense. And the acquitted conduct, in this case, by no means sets forth the elements of the offense. So I just want to be clear. I'm looking at page 30 of your brief and the surrounding page. I'm just as clear as you can. So like this, like one sentence on page 30 is where you think you've made an argument that this isn't relevant conduct in the first place. Because it's like the pages before it, you're talking about the acquitted conduct carve-out. The pages after, you're talking about the acquitted conduct carve-out. You've got like one sort of conclusory sentence. That's correct, Your Honor. That's it. That's all we have on whether this is relevant. We did raise it with the district court. But the principal thrust of our argument is- You see where Judge Hyten has gone with that, don't you? You know that's not enough to simply just make a conclusory statement of that in a brief before this court. You say it for the trial court, all well and good. As I said before, this is not a court where we make factual determinations, jury trial. This is a question of law. I understand, Judge. And it takes a little bit more than say it happened and then leave it and then report to present us an eloquent discourse here. But it's of no avail if you did not bring it to us. Well, I submit that I did bring it to the court, but the thrust of the argument- You brought the conclusion is what we're saying. Very well, Judge. And I apologize for not expanding on that more in the briefing. But the thrust of the argument was that the acquitted conduct could not be used to enhance Ms. Farley's guidelines. And I do want to get on to another very important issue before this court. I ask that you look carefully at what the Sentencing Commission intended by this amendment. That the Chief of the Sentencing Commission stated that not guilty means not guilty upon passing this amendment. And that's exactly what we have here. You believe the jury acquitted her of all of the conduct that occurred on January the 9th? I would suggest that's the finding of the jury. How do I know that? All I actually know is that on the, I believe, 242 charge, they said the words, not guilty. I don't know why they said that. I don't know in what theory they said that. They could have, for example, Judge Rushing was sort of, one of the Judge Rushing's questions might be suggesting, it's entirely plausible that a jury found that your conduct's client caused the death, but that she was not deliberately indifferent. And therefore, they properly found her not guilty. That would be a completely coherent reading of the jury's verdict, right? But that would be mere speculation, Judge. No, I know. I get it. But you're asking me to speculate. You're asking me to assume that because they acquitted her, they found that none of the elements of the offense were present. And I'm not sure why that also strikes me as speculation. But then we go back to how the law was prior to this amendment. The amendment would be meaningless if we find that, well, the jury could have found part of the acquitted conduct. And because of that, we should allow the judge to use that to enhance the sentence for the count of conviction. The amendment is clear. I don't, I'm having trouble understanding how this could not be acquitted conduct. About how when the jury says not guilty. We'd be the first court to interpret it in the manner that you posit. That's exactly right. As I said, it's a case of first impression. And no one else has come up, no other court has come up with this direction you're taking us in. This direction nor this very compelling set of facts that are before the court where you've got a murder charge that was rejected by the jury. And the judge relying on that. And there's also an obstruction charge here under 1519. But the judge relying on that in enhancing the sentence from zero to six months using three specific enhancements under the guidelines to take it up to 10 to 16 months. And sentencing my client to a term of We'll hear back from you because you've reserved some time to rebuttal. Thank you. We'll hear from Ms. McCallister on behalf of the Looks like you're going to have to pull a double duty today. That's right. Good morning. May it please the court, Catherine McAllister for the government, which asks this court to affirm the convictions and sentences of Covington and Farley. Of course, I'm happy to address anything, but I figured I'd just dive into a couple issues that the panel took. Can we just, since we're on acquitted conduct, can we start with that? Yes, of course. Do you agree that Ms. Farley's offense of conviction is a 1001 violation? Yes. Bracketing for the moment that I'm not at all sure that Ms. Farley preserved this argument. Can you walk me through why that's relevant conduct before we even get to acquitted conduct? Because I'm looking at the definition of relevant conduct and I actually don't see how really any of this satisfies that. If the offense of conviction is a 1001 violation, how does this satisfy relevant conduct in the first place? Your Honor, I'm looking at the definition of relevant conduct. It's about all acts and omissions committed, so and so on, that occurred during the commission of the offense. The commission of the offense. Okay. But when she committed the 1001 offense, all of this stuff you're talking about had already happened. So it's not during the commission of the 1001 offense. The preparation, well, to the extent there was any preparation for lying, the preparation was like thinking about the lie I'm going to tell. But that obviously, again, also happens after all of the stuff that happens in the prison. And then the last one is in the course of attempting to avoid detection or responsibility for that offense. Now, if she had been convicted of the 242 violation, then obviously lying would obviously satisfy that. But in a world in which she's convicted of the lie, but acquitted of the underlying charge, if the offense is the 1001 violation, I don't understand how anything that happens at the prison involves an attempt to avoid detection for the lies she's not given yet. I just really genuinely don't see how this is relevant conduct. Your Honor, I'd point the court to adjacum, where the court did address this during prong and relevant conduct and applying enhancements in this scenario. And the court said that when defining relevant conduct, it conveys a linkage, is also qualitatively overlaps with the offense of conviction. But those aren't the verbs that are in the guideline. The verbs that are in the guideline are the three that we read. And I don't see how this satisfies any of the verbs that are actually in the guideline. Sorry, when you say the verbs, are you referring to like during? During, right. Like I understand that these collectively you can extrapolate back and seem to say like anything that's related, but the guideline doesn't say anything that's related. It says anything that satisfies one of the following three. And I don't see how this satisfies any of the following three. So in adjacum, the court did specifically address during the commission of, it addressed that portion of the relevant conduct guideline, and it rejected the defendant's argument that's comparable to what Farley is making here of the defendant there was, the relevant conduct was a drug distribution, and then he was convicted of maybe structuring transactions. And he made the same argument of, well, I was convicted of structuring transactions on June 1st, June 5th, June 10th. That's different. That's separate from this drug distribution. That's not, I didn't, and I didn't deal drugs on June 1st, June 5th, June 10th. And this court rejected that argument and said, this argument overlooks the nature and context of the drug distribution activity and the role that it played in his structuring conduct. And the court went on to say, perhaps most importantly, that drug conduct produced the illicit money that he deposited in the bank. So it's what led to him later needing to structure transactions, which is the same thing here. The underlying conduct of what happened when Farley was evaluating Mr. Walters on January 9th is what led to her need to lie to OIG later. And it's the same thing of this, it's the same argument of, well, look at what I did on June 1st, June 3rd, June 10th. She's saying, look at what I did on April 4th. And the court, this court said, no, that overlooks the nature and context of this other activity and the role that it played. Okay, so now let's move to the acquitted conduct carve out. So again, we agree the offense of conviction is the 1001 violation, right? How does any of this stuff establish in whole or in part the offense of conviction? Sure. I think before we even get to this portion about how to like establishing in whole or in part, I think there's a difference that the panel was getting at earlier of acquitted conduct and like facts. There's common facts that underlie both offenses here. And I'm saying both, I'm just going to talk about the 242. Of course, there was the false report 1519 as well, but just for simplicity, there are common facts that underlie both offenses, but that doesn't mean that the court sentenced Farley based on her acquitted conduct when it considered those facts. So for example, the fact that she was the BOP nurse on duty at eight o'clock on January 9th, that fact's undisputed. That fact, does it go to the 242, which she was acquitted of? Absolutely. It helps establish the color of law. Is it relevant to the 1001? Absolutely. Materiality and the jurisdiction. OIG was there investigating the death of an inmate at a BOP facility. Of course, the fact that she was the BOP nurse on duty at that time is relevant to that. It also goes to the materiality. She lied about the actions that she took in her capacity as a BOP nurse for an inmate that she was responsible for taking care of. So this idea that everything everything that underlies the 242, the court necessarily couldn't have considered is just simply incorrect. I don't think they would argue that the court can't consider if she was a BOP nurse, but that is the situation we're in, if it goes to the 242. Okay. So let me give you a counterfactual then, because I do worry that the argument that you're making sort of threatens to reduce this amendment to doing literally nothing. Cause I could imagine a prosecutor making a similar argument in virtually any case that I can imagine. So you can go as far away from the facts of this case as possible, but to assuage my concern that your position doesn't mean this does nothing at all. Could you give me an example in a hypothetical case of what this would bar a district court judge from considering? Yeah, I think if there were, for example, like a kidnapping and a rape, the defendant's charged with both of those. Jury convicts on one, acquits on the other. I don't think those are necessarily overlapping. A jury could find the victim willingly got in the car, so no kidnapping. But when they arrive to wherever they're going, the rape occurred. I don't think anything about the kidnapping establishes and whole or apart the rape. Oh, but you would just say you need to explain how the victim and the perpetrator were together. And the fact that the jury acquitted on the kidnapping, the jury could have acquitted on the kidnapping because they found something weird about the mens rea. We don't actually know why the jury acquitted on the kidnapping. So who's to say? So none of it's acquitted conduct. I understand your point, Your Honor. But I think the guidelines or this amendment contemplates that in enacting this amendment, the commission said commenters have raised this concern about how are we going to parse out what's acquitted conduct versus what's not acquitted conduct. We're not going to draw a bright line rule. The district court is in the best position to parse it out, which is true here, right? The district court sat through two weeks of trial. And, you know, that's that's what it did here. It said is the fact that Nurse Farley was the nurse on duty at 8 p.m. Well, can I just I'll tell you what concerns me most about what the district court said is that parts of the district court analysis seemed to me to make a category mistake of jumping back and assuming that the offensive conviction is actually the thing she was acquitted of. I don't see the district court really lasering in on like it's really important to remember the thing she was convicted of was a false statement offense and it would have to relate to the false statement offense. Right. And at points of the district court's analysis, it's like, well, it's related to the whole course of conduct about how this gentleman died was like, but she was acquitted of that. So would you like could you just address why I shouldn't be concerned? I just worry when I read the district court's analysis that it's making a category mistake. Understood, Your Honor. I think the district court, I can sense and possibly agree that I think at times maybe it was imprecise and referred to like acquitted conduct when it meant the sort of idea about the facts. At one point on 53 46, it says the court considers her conduct on January 9th relevant to relevant conduct to her false statements, even if those facts overlap. So I think that's the court saying I'm thinking about the facts that she's a nurse, et cetera, with some of her acquitted conduct. Therefore, it also necessarily implicates some of those facts to find otherwise would overlook the nature and context of her actions. So then the court said elsewhere, the course the court says, I just want to be clear about, although I'm looking at some of this acquitted conduct, which I would again submit that it does mean facts there. I'm doing that to put her role based on what she was convicted of in context. I am not going to sentence her based on what she was acquitted of. Later, the court says again, I'm only going to use the acquitted conduct to place the false statement conviction in context. And twice when the government was allocuting about sentence, the court also jumped in and said, hey, I think you're getting a little close to what she was acquitted of and specifically said she was acquitted of the 242, right? So the court did that twice. And the court also says, I think we also see that when it's addressing these factual objections to the PSR. So for example, on 5329, there was an objection to the portion of the PSR that mentioned that in the report she submitted at the time, like right after she evaluates Mr. Walters, there's a line in there that says, like essentially represents that she called a doctor. We know that she didn't call the doctor. That was the false statement she was convicted of. She also admitted it. And obviously to establish that that's a false statement, we have to establish that she didn't call the doctor because otherwise it's not a false statement. Right. And that's what the court said that the court over that Farley objected to that inclusion in the PSR and said, hey, I was acquitted of that false report. And the court said, I'm overruling that objection because this statement, which I again, it's Smith, he means the fact that the official report contained a false statement is not inaccurate or untrue just because she was acquitted of making a false statement. The assertion, the fact in Ms. Farley's report that she notified a doctor is false based on the evidence that was adduced at trial and Ms. Farley's own testimony. So I do think the court is trying to walk the line here between facts that are permissible and that it's required to consider and like acquitted conduct, which is the court. So could I take you to Covington's proximate cause argument? Before you do, I want to at least follow up question on that. The sentencing court here did recognize that under the guidelines, you can consider apparently to some extent acquitted conduct in determining as a 53A factor. What, what, what's the import of that? Sorry, the import of what? Sentencing court indicating that it recognized that you could consider acquitted conduct under those factors. I think the court was trying to be careful. The court said like, sorry, I'm just trying to find it. The court said like, again, it said these facts overlap and I'm looking at these facts and then it said to the extent that her acquitted conduct is implicated, I find that it satisfies the exception in the acquitted conduct guideline that it establishes in part or in whole. I'm sorry, is that what the court is asking? Yes. Okay. So I think the court's just, I mean, the district court was just trying to be careful in saying I'm finding this relevant conduct to the extent that it could be construed as acquitted conduct. I find that acquitted conduct exception satisfied. To turn- Judge Hyden wants to move us to the Covington case. Approximate cause. So let me tee up the question. So it seems to me that this court has, if not held, very strongly suggested or assumed that there's a proximate cause requirement under 241. And I know you're going to respond by telling me that we have held there is not a proximate requirement under 841. But there are at least some courts that I've been able to locate that say that's because 841 is just sort of weird and unusual. I'm specifically thinking of the 9th Circuit's decision in Pineda-Deval, which specifically, it's not about the statute at issue here, but specifically says, like the court said, the court's dealing with a non-841 statute. And they say, look, I know we've said 841 doesn't have a proximate cause requirement, but that just appears that 841 is just an outlier. And then the 9th Circuit in this case holds that the statute before them does have a proximate cause requirement. So what's your response to all of that? Sure, Your Honor. I'm not sure what year that decision was from, but I think here, this court... 2010. Okay. I'll give you the site just to... Oh, that's okay. No, no, I'll give it. 614 F. 3rd, 1019, 9th Circuit, 2010. I will say, for one thing, that predates Barrage, which is the Supreme Court decision analyzing the language results from, which is the same language that we have here. Did the Supreme Court reject proximate cause in that case? I do not read them to reject proximate cause. Do you? I think based on when they're interpreting what results from, part of the defendant's argument there was about proximate cause. Right. And they have a footnote that says that was QP2. We don't decide QP2 because the defendant in this case wins QP1. Well, I think they're related. The court says this language results from means but for causality. At a minimum. At a minimum means that. They acknowledge that at the common law, causation both civilly and criminally is as a matter of law and as a matter of fact, right? Proximate and but for. I don't know why the court, if it thought it would have also been proximate cause, why it wouldn't have said that, especially when the defendant was arguing that it should be proximate cause. Because he won on but for, right? He didn't even need to get, he didn't even need to show prox, like, didn't need to get to proximate cause because the defendant won on the fact that it wasn't but for causation. That's why. Understood, Your Honor. I also think, I also submit, I don't think the court even needs to reach that issue here. It could say, assuming, arguendo, that proximate cause was required, that it's harmless here. Where is that in your brief? I've just looked again. Where do you say that in your brief? We do in, sorry, I would have to look, but I know we talk about indistinguishing Meany and the other cases that the appellant cited in support of this proximate cause. No, you kind of argue that it's implicit in the nature of the offense, but that, that's like a legal argument. That it's, I mean, this is sort of the theory that some courts have had about 841. It's like, it's okay, you don't need a proximate cause requirement because by its very nature, in any 841 situation, there'd kind of be proximate cause anyway. But that's different from an argument that here, that even if the jury had been told there was a proximate cause requirement, we are in a Nader-style confident that the jury would still have convicted. And I don't see any Nader-style argument in your brief. I can take a double, another look at the brief. I will say that the instruction that she requested was that the government proved that the death or bodily injury was approximate result of the defendant's conduct in the sense of being a natural and foreseeable result of that conduct. In discussing Meany, we say this risk of bodily injury or death is... What, what, what page are you on? Looking at 70, sorry, looking at 78, we talk about the rationale does not, because unlike in that case, bodily injury was an eminently foreseeable result here. So no proximate cause instruction was necessary. But that's like saying, I don't need to give an instruction because the requirement is, we don't normally think of criminal jury instructions of like, there's, I mean, I'm thinking of Johnson versus, I mean, the theory that all the lower courts had said that you don't need to submit materiality to the jury under 1001 was, well, I mean, everybody knows that statements are material. And the Supreme Court said, just because in many 1001 cases, it's blindingly obvious the statement is material, doesn't mean you don't have to instruct the jury on materiality. So I think bodily injury was foreseeable here, both in this type of case and in this case in particular. But that's an argument that if the jury had been instructed, there's a good chance they would have convicted. That's not an argument that we know for sure they wouldn't have. But we do have precedent, don't we, saying that if the jury was, had to make that finding based on a different instruction, then, then we're in sort of a harmlessness world, not based on totality of the evidence, but rather that given what the jury actually found based on a different instruction, which I take to be your argument, that's the instruction about what the definition of deliberate indifference is, that here that finding somehow covers the proximate cause finding? I think that's right, Your Honor. The jury was instructed, it instructed that to convict on the deliberate indifference count. The defendant must have had actual knowledge of the risk of harm to the inmate and recognize that her actions were insufficient to mitigate the risk of harm to the inmate arising from his medical needs. I do think that covers it. Okay, so where's that argument in your brief? I think that's on 78, where we say bodily injury was an imminently foreseeable result. But that's not an argument. It was covered by something the district court gave, by a different charge the district court gave. I think it also goes on to talk about how Covington was literally on notice here. Right, that's an argument that she's guilty. That's not an argument that the jury necessarily found it based on a different jury instruction. I think that we know that the, I will say I don't think at minimum there's record prejudice here, because even assuming, like the jury did find that she, the jury heard evidence that Covington was notified that Mr. Walters was moving his mouth but couldn't talk, that he was eating out of the trash, that he had peed on the floor, that he had toilet paper in his hair, that he couldn't really walk. That's her first instance of knowledge. Then she's, so at that point, and there's testimony that the cellmate, the correctional officers who observed those symptoms, all those people thought a medical problem was going on. Then Covington is told that Mr. Walters had actually fallen and hit his head. And that is literal notice that he had suffered bodily injury. So not only that he's continuing to be at risk of experiencing bodily injury, but that he had suffered bodily injury. And of course, he was continuing to be at risk to do so since she took, in her own words, no action to address that, which I do think is the argument that we've made on 78, etc. Well, the importance of that is, as we alluded to with your colleague on the other side, Mr. Wagner, is that in this instance there seems to be potentially an error regarding the but or cause standard, which I rightly recognize the possibility that so you move to the harmless error. Harmless error is something we can consider, but you must present it to us in the proper form. We don't typically infer it. Even from a governmental perspective, the reason we tend to want to be evenly handed on this, we go to the other way quite a bit. If the defendant didn't raise it, then we say it's waived or not properly presented to us. You do point to page 78, which includes quite a bit of facts, but as Judge Heitner has indicated, there is a distinction as to what is going to the actual conduct. Are you saying that the jury made a determination? That's where you leave us with a conundrum here in determining whether this is properly before us. I understand, Your Honor. I don't think we use the word harmless or failure to show prejudice there, but I do think that's what that argument is. As Judge Wynn points out, we do all kinds of things to criminal, and I will say as a government attorney, the government gleefully points out when criminal defendants don't make arguments. Rule 52, Federal Criminal Procedure 52B, the government's absolute best friend in the world. I understand your point, Your Honor. I do think, especially if we contrast it with the portion that the court raised with Farley, where she just mentions that one sentence about in the commission of et cetera, with no site to the record, with no site to authority, here there is a page of analysis about why that meaning doesn't apply because Covington was on notice here. I would submit that it's different and that that issue was raised by the government. I did just want to address, unless there's anything further on the proximate cause, I wanted to correct a misrepresentation that Covington's counsel made about immunization and the government immunizing witnesses. Of course, that never happened here. It would have been disclosed if it had. She also suggested that no one else was held responsible for, no one else who was there during this whole ordeal was held responsible, and I'll flag that another defendant pled guilty to the death resulting 242. That defendant was present at other times in the facility, so I just wanted to correct those two representations. I'm happy to address anything else the panel would find helpful. Otherwise, we'll rest on our briefs. Thank you very much for your arguments. I appreciate your time here. Mr. Grone, you had just a few minutes. Thank you, Your Honor. I will speak very fast and being human facilitates that. I will tell the court the following. The compilation of errors here, denial of sevens, the denial of the motion in limine, the lack of giving the instructions on materiality, on proximate cause, on hindsight, and on willfulness requires this court, justice requires this force to reverse these convictions. Spend your time as you like, but the but-for causation, but-for standard, something might be eliminated to this court. Well, this court should consider whether the but-for standard should apply to drug cases and every case or cases where somebody is accused of not doing something. In a civil context, the court has actually provided, this court has provided more benefits, more safeguards. And honestly, when you say a civil context, are you talking about Section 1983 or something else? Yes, sir. Yes, sir, Your Honor. But I mean, just the obvious counter argument to that is that the language of Section 1983 is materially different from the language of 242. What would you say in response to that? Well, that the penalties in 19, well, I would say that in here, the fact- you might think that if a statute uses the word cause, it probably brings the traditional legal baggage associated with the word cause. And this statute doesn't use the word cause. This statute says results, which is not a sort of traditional. Does the legislature and drafting that statute result requires no time limitation? No, but I guess I do know, for example, that the drafters of 241, 242, and 841 very easily could have used the word cause. It's not like that's an unfamiliar legal word. After all, as you point out, it's in 1983. So for whatever reason, they didn't use the word cause. They use the word results, and arguably that would mean something. I will tell the court as follows, because my time is running out. The government tried this case presenting the video, and they argue in their brief and to the judge below, we need to show the video because we need to show an injury. That video started 12 hours after my client left and ended 24 hours after my client left before the man had an injury on him. I will tell that to the court. The court should have. And as a matter of fact, at sentencing, the court did find, it's big time and it was too late, but the court did find that the injuries that the man suffered and the death was not foreseeable to my client. It would have been nice to find it a year before, and so that we wouldn't have to go be here. I will tell the court also that the question of materiality is important. It is not. Just because it could influence somebody, the question of materiality is a combined question of fact and law. And it was not alleged. It was not argued. It was not proven. And actually, unfortunately, the jury, as my time ends, was not required to find. Thank you so much for your time. Thank you. Mr. Wagner, you have an equal amount of time for rebuttal. Thank you, Ron. The judge, the Amendment 826 represented a milestone in federal criminal practice. It was a long-awaited change to the guidelines in response to concerns by jurists, in response to folks in the community, both the community at large and the legal community. The district court in this case improperly enhanced Ms. Farley's sentence on the basis of acquitted conduct. This court should address that. This should be the exception rather than the rule of allowing for enhancing the guidelines on the basis of acquitted conduct. And the district court treated this as if it were simply a run-of-the-mill case. A case before the amendment ever came into being. Application Note 10 makes clear that this should only happen in the exceptional case. There may be cases, according to Application Note 10, in which certain conduct underlies both an acquitted charge and the instant defense of conviction. This is not that certain case that we have here before us. The district court's decision undermined the jury's verdict in this case, undermined the public's confidence in our system, which simply relies on the notion that not guilty means not guilty. Ms. Farley came before this court as an exceptional person, and she is an exceptional person. That was brought out through testimony in this case, through the evidence in this case, and I ask that this court reverse the district court, not only on the issue of acquitted conduct, enhancing the sentencing guidelines, but also on our motions for new trial, on materiality, on the NAPU case, on the cumulative effect of all of the defects in the process that should result in a new trial in this case. Thank you. All right. Well, thank you all for your arguments here. In particular, I thank the counsel for both of the defendants who were court-appointed. By court-appointed, you've taken on a case that has allowed for able representation in this court. We appreciate your services. Of course, we always appreciate the services of government's attorneys too. The court will now undertake to carry on a tradition we've long carried on to shake the hands of litigants here. It is a tradition, if you look back at the portrait here to my right, that is John J. Parker from the state of North Carolina, eminent jurist who, along with his colleagues, established this policy long ago. He was appointed by President Coolidge to the court. We will carry it on today, and once we shake hands with counsel, we will proceed to the next case.
judges: James Andrew Wynn, Allison J. Rushing, Toby J. Heytens